An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

YADHIR RUIZ GONZALES,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 67320



FILED

DEC 18 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

### *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of one count each of home invasion and burglary. Eighth Judicial District Court, Clark County; Jack B. Ames, Senior Judge.

Appellant Yadhir Gonzales first contends that the district court committed judicial error in refusing to give his proposed vicarious-liability jury instructions. Gonzales's proffered instructions were the same as those given with an added sentence specifying that they only applied to the burglary count. The instructions given were a correct statement of law and, when read either alone or in conjunction with the other instructions, did not indicate that vicarious liability could support a conviction for home invasion. Accordingly, Gonzales has failed to demonstrate that the district court erred in denying his proposed jury instructions. *See Rose v. State*, 123 Nev. 194, 205, 163 P.3d 408, 415 (2007) (holding that it is not judicial error to refuse an instruction adequately covered by other instructions).

Gonzales next contends that insufficient evidence supports his convictions for burglary and home invasion. The standard of review for sufficiency of the evidence is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable

15-38804

doubt." *Mitchell v. State*, 124 Nev. 807, 816, 192 P.3d 721, 727 (2008) (internal quotations omitted). "This court will not disturb a jury verdict where there is substantial evidence to support it, and circumstantial evidence alone may support a conviction." *Hernandez v. State*, 118 Nev. 513, 531, 50 P.3d 1100, 1112 (2002).

As to the burglary count, Gonzales argues that the State failed to prove beyond a reasonable doubt that he was involved in the break-in, because the State's expert "could not testify with one hundred percent accuracy that the prints found at the crime scene belonged to [Gonzales]." Gonzales cites no authority for his implicit argument that beyond a *reasonable* doubt requires an expert to testify with 100% certainty. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987) ("It is appellant's responsibility to present relevant authority and cogent argument; issues not so presented need not be addressed by this court."). Further, Gonzales misstates the expert's testimony. The State's expert acknowledged that "[w]e don't testify to a hundred percent," but she testified unequivocally that fingerprints recovered from the broken window pane were Gonzales's. Accordingly, any rational trier of fact could have found that Gonzales was involved with the break-in.

As to the home invasion count, Gonzales argues that the State failed to prove beyond a reasonable doubt that he entered the dwelling. A home invasion occurs when a person forcibly enters an inhabited dwelling without the permission of the owner. *See* NRS 175.211; NRS 205.067. A defendant has "entered" a building when any part of his person has crossed the plane of "'an area into which a reasonable person would believe that a member of the general public could not pass without authorization.'" *Merlino v. State*, 131 Nev., Adv. Op. 65, 357 P.3d 379, 385

(Nev. Ct. App. 2015) (quoting *People v. Valencia*, 46 P.3d 920, 926 (Cal. 2002)). A dual-paned window that had been intact when the homeowner left was found partially broken upon his return. The exterior, but not the interior, pane was broken, and Gonzales's fingerprints were found on the interior side of the broken exterior pane.[1] The space between panes of an intact dual-paned window is an area to which a reasonable person would not believe the general public had access. Thus Gonzales's grasping of the interior surface of the external window pane constituted an entry into the dwelling, and any rational trier of fact could have found that Gonzales entered the dwelling.

Gonzales next contends that several instances of prosecutorial misconduct during closing arguments "tainted the trial." Where an appellant preserved a claim at trial, we first consider whether the prosecutor's conduct was improper and then determine whether any improper conduct warrants reversal. *Valdez v. State*, 124 Nev. 1172, 1188, 196 P.3d 465, 476 (2008). Gonzales argues that the State overstated the strength of the fingerprint evidence when the prosecutor asked, rhetorically, why the fingerprints were certainly Gonzales's and excluded everyone else in the world. Gonzales objected below. The State's argument was a proper comment on the evidence where the State's expert agreed that the fingerprints "only belong to one person and that one person would be Yadhir Gonzales." *See Miller v. State*, 121 Nev. 92, 100, 110 P.3d 53, 59 (2005).

---

[1]The screen had been removed from the window prior to the pane being broken.

Gonzales failed to preserve the remainder of his prosecutorial-misconduct claims. Where the claim of prosecutorial misconduct was not preserved at trial, we review the claim for plain error, that is that the error is plain from the record and affected the appellant's substantial rights. *Valdez*, 124 Nev. at 1190, 196 P.3d at 477. Gonzales argues that the State vouched for the credibility of its fingerprint expert when the prosecutor said (a) such experts are the most independent people in the courtroom because they are already back at work comparing prints and (b) such experts do not get a pay raise or increase in their profession if they are able to match prints. He also argues that the latter comment referenced facts not in evidence. Such statements are not vouching as they do not "place[ ] the prestige of the government behind the witness by providing personal assurances of [her] veracity." *Browning v. State*, 120 Nev. 347, 359, 91 P.3d 39, 48 (2004) (internal quotations omitted). Further, the latter comment was a reasonable inference from the expert's testimony that she is neither encouraged nor discouraged from identifying anyone.

Gonzales also argues that the State engaged in misconduct when it accused the defense of distorting the issues by challenging the fingerprint evidence. This was error as the State may not disparage the defense. *See Truesdell v. State*, 129 Nev., Adv. Op. 20, 304 P.3d 396, 402 (2013). However, Gonzales has not demonstrated that the error affected his substantial rights where there was overwhelming evidence that the fingerprints were his.

Gonzales also argues that the State engaged in misconduct when the prosecutor stated that he took "offense" to a defense argument regarding the scientific validity of fingerprint evidence. This was error as

a prosecutor may not inject his personal opinions or beliefs into the arguments. *Aesoph v. State*, 102 Nev. 316, 322, 721 P.2d 379, 383 (1986). However, Gonzales has not demonstrated that the error affected his substantial rights where the comment was fleeting and the prosecutor then returned to arguing the evidence.

Finally, Gonzales contends that the cumulative effect of the errors violated his right to a fair trial. Gonzales neither stated the cumulative-error test nor applied it and thus failed to provide this court with cogent argument in support of his claim. We therefore need not consider this claim. *See Maresca*, 103 Nev. at 673, 748 P.2d at 6.

For the foregoing reasons, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc:  Chief Judge, The Eighth Judicial District Court
Hon. Jack B. Ames, Senior Judge
Clark County Public Defender
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk